IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**GARY ABRAHAM,**

    **Plaintiff,**

v.

**MERCEDES-BENZ USA, LLC, et al.,**

    **Defendants.**

Case No. 24-2354-DDC-TJJ

## MEMORANDUM AND ORDER

Timing matters. And plaintiff is out of time.

Plaintiff Gary Abraham sued defendants under Kansas's lemon laws and the negligence doctrine known as res ipsa loquitur. Doc. 1-1 at 5. Plaintiff alleges defendants made "outrageous" attempts to force plaintiff to purchase a malfunctioning electric vehicle. *Id.* And he alleges that they failed to implement and enforce policies that would've prevented the sale of this vehicle. *Id.* What's more, plaintiff alleges, he has suffered physical and mental distress from financial issues stemming from the vehicle's purchase. *Id.* Defendant Mercedez-Benz USA LLC removed this action to federal court. *See* Doc. 1 at 1. Plaintiff contends removal was improper and has asked the court to remand the case to the state court. *See* Doc. 18. The court will return to the remand dispute in a future order. Here, plaintiff's timeliness takes center stage, as explained next.

Defendants also filed Motions to Dismiss (Doc. 11; Doc. 13). But plaintiff failed to respond to defendants' motions within the time set by D. Kan. Rule 6.1(d)(1). Once made aware of his mistake, he filed a Motion for Leave to File a Response Out of Time (Doc. 24). He seeks

leave because he misunderstood the effect of his Motion to Remand (Doc. 18) and Request for Emergency Hearing (Doc. 21). *See* Doc. 24 at 1–2. Defendants cry foul. They argue that plaintiff has an obligation to familiarize himself with procedural rules of this court. Doc. 26 at 2–3. And they assert that plaintiff hasn't met the excusable neglect standard for filing a late response. *Id.*

Because plaintiff appears pro se, the court construes his filings liberally and holds him "to a less stringent standard" than it would an attorney. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court can't assume the role of plaintiffs' advocate. *Id.* This principle means the court can't "supply additional factual allegations to round out [the pro se litigant's] complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997). Now, for the legal standard governing time extensions.

**I.     Legal Standard**

The Federal Rules of Civil Procedure permit late filings—under certain circumstances. "[T]he court may, for good cause, extend the time" for a party to perform a time-sensitive act. Fed. R. Civ. P. 6(b). If the time has expired already, the court may grant the motion only upon a finding of "excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "Excusable neglect" is "a somewhat elastic concept." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'Ship*, 507 U.S. 380, 392 (1993) (quotation cleaned up) (applying "excusable neglect" standard from bankruptcy rule); *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1494 (10th Cir. 1995) (applying *Pioneer* rules to Fed. R. Civ. P. 6(b)). At bottom, "excusable neglect" is an equitable calculation. *Babakr v. Fowles*, No. 23-3026, 2024 WL 1479693, at *4 (10th Cir. Apr. 5, 2024) (citing *Pioneer*, 507 U.S. at 395).

*Pioneer* established four factors that inform the "excusable neglect" analysis: (1) the risk of prejudice to nonmovant; (2) the delay's length and its effect on proceedings; (3) the reason for delay and whether it was within the movant's "reasonable control[;]" and (4) the movant's good or bad faith. *Pioneer*, 507 U.S. at 395. "'The most important factor is the third' and 'an inadequate explanation for delay may, by itself, be sufficient to reject a finding of excusable neglect.'" *Babakr*, 2024 WL 1479693, at *4 (quoting *Perez v. El Tequila, LLC*, 847 F.3d 1247, 1253 (10th Cir. 2017)).

Although *Pioneer* established a balancing test, "inadvertence or lack of knowledge doesn't constitute excusable neglect." *Livingston v. Univ. of Kan. Hosp. Auth.*, 844 F. App'x 82, 85 (10th Cir. 2021) (citing *Quigley v. Rosenthal*, 427 F.3d 1232, 1238 (10th Cir. 2005)). At least, not usually. *See Pioneer*, 507 U.S. at 392 ("[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect[.]"). And our Circuit has made it clear—this rule applies equally to pro se litigants. Pro se parties must comply with procedural rules. *See Livingston*, 844 F. App'x at 85 ("[W]e must follow our precedents, which require pro se parties to comply with our procedural rules just like any other litigant." (citing *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005)); *Babakr*, 2024 WL 1479693, at *5 (concluding that plaintiff's "pro se status does not constitute excusable neglect for failing to file a timely response"). So, the court must decide whether plaintiff has shown excusable neglect justifying late responses.

**II. Analysis**

Plaintiff's motion provides just one reason why he didn't file timely responses to the Motions to Dismiss. He "assume[d] that [his] request [for an emergency hearing] would supersede defendants' motion to dismiss." Doc. 24 at 2. He read something—albeit

3

unspecified—"that most requests from emergency hearing are heard within 14 days of that request." *Id.* His story goes like this: he contacted the Clerk's office on August 27, 2024, to "get a date of hearing" on his Motion to Remand (Doc. 18). *Id.* at 1. The Clerk's office purportedly "miscommunicated" the name of the presiding judge in his case. *Id.* Then, plaintiff communicated with various judges' chambers about who the presiding judge was. *Id.* These conversations continued through plaintiff's deadline for filing a response to the Motions to Dismiss. *See id.* (noting that plaintiff contacted Magistrate Judge O'Hara's chambers on September 6, 2024, and then later contacted Magistrate Judge James's and the undersigned judge's chambers); Doc. 26 at 1 (noting that plaintiff's deadline for filing his response was September 6, 2024). Plaintiff doesn't describe the substance of these ex parte communications, or what information he was trying to convey to chambers. *See generally* Doc. 24. It wasn't until the parties' initial status conference with Magistrate Judge James that plaintiff discovered "it would be in [his] best interest to file something to inform Judge Crabtree of [the] issues" because "it appear[ed] that [he was] in default in responding to defendants['] motion to dismiss." *Id.* at 2.

Defendants argue that plaintiff's explanation isn't good enough. They note that plaintiff never asked for a time extension to file his response. Doc. 26 at 2. And they emphasize that plaintiff never explained the need for his "emergency hearing[.]" *Id.* Finally, they argue that plaintiff hasn't satisfied the excusable neglect standard. That's because he "admits a failure to become familiar with the rules[.]" *Id.* at 2–3. And at the time he filed the motion for leave, two months had passed since his deadline. *Id.* at 3. As defendants point out, the court must consider all the relevant circumstances to decide whether plaintiff has shown excusable neglect. *Id.* at 2; *Pioneer*, 507 U.S. at 395.

On three of the *Pioneer* factors, the court finds reasons to side with plaintiff. *First*,

4

defendants haven't identified any prejudice from the delay. *See generally* Doc. 26. If the court grants plaintiff's motion, defendants would have an opportunity to reply. That's the only potential, and minor, prejudice the court can envision. *Second*, plaintiff's delay is relatively short here, meaning there's negligible impact on the proceedings. Plaintiff filed his motion for leave to file out of time only a month and a half after his response deadline. *Id.* at 1 (identifying plaintiff's deadline as September 6, 2024, under D. Kan. Rule 6.1(d)(1)); Doc. 24 at 1 (plaintiff's motion for leave filed October 29, 2024). What's more, discovery is stayed until the court rules the pending motions. *See* Doc. 25 at 1–2. *Finally*, it's also clear that plaintiff didn't act in bad faith. He just erred. As soon as Magistrate Judge James identified his mistake, plaintiff filed this motion. *See* Doc. 23 (status conference held on October 29, 2024); Doc. 24 (motion filed the same day). So, those three factors appear to tip the balance in plaintiff's favor.

But the scale is a weighted one. On the most important of the four factors, plaintiff comes up short. *See Babakr*, 2024 WL 1479693, at *4 ("'The most important factor is the third' and 'an inadequate explanation for the delay may, *by itself*, be sufficient to reject a finding of excusable neglect.'" (emphasis added) (quoting *Perez*, 847 F.3d at 1253)). Plaintiff posits only one reason for not responding to the Motions to Dismiss: he thought his Motion to Remand and request for an emergency hearing superseded those motions. *See* Doc. 24 at 2. He identifies no basis for his flawed assumption. He cites no rules, cases, or other instruction. And plaintiff's mistake was entirely within his control. *See Pioneer*, 507 U.S. at 395 (identifying the third factor as "the reason for the delay, including whether it was within the reasonable control of the movant"). And while the court appreciates that plaintiff litigates this case pro se, our Circuit regularly has concluded that ignorance or misunderstanding of the rules isn't "excusable neglect." *See Quigley*, 427 F.3d at 1238 ("[I]t is well established that inadvertence, ignorance of

the rules, and mistakes construing the rules do not constitute excusable neglect for purposes of Rule 6(b)[.]"); *Babakr*, 2024 WL 1479693, at *5 (quoting *Quigley* to establish "inadvertence, ignorance of the rules, and mistakes construing the rules" don't excuse neglect in filing timely). At bottom, plaintiff's reason for failing to file his response on time isn't sufficient. And his neglect isn't excusable. *See Bennett v. ASM Global/SMG*, No. 23-cv-2827-PAB, 2024 WL 4227651, at *5 (D. Colo. Sept. 18, 2024) (denying pro se plaintiff's motion for time extension under Rule 6(b)(1)(B) because plaintiff's failure to understand his obligations fully wasn't excusable neglect).

### III.   Conclusion

Unfortunately for plaintiff, his misunderstanding of procedural rules doesn't justify granting leave to file his response out of time. While the court must grant pro se litigants some slack, that slack doesn't extend as far as plaintiff requests, *i.e.*, to an unprincipled assumption that frees him of his duty to follow court rules. Plaintiff has failed to establish excusable neglect under Fed. R. Civ. P. 6(b)(1)(B). An order ruling the case's other pending motions will follow.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Motion for Leave to File Response Out of Time (Doc. 24) is denied.

**IT IS SO ORDERED.**

**Dated this 9th day of January, 2025, at Kansas City, Kansas.**

> **s/ Daniel D. Crabtree**
> **Daniel D. Crabtree**
> **United States District Judge**