IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| GARY ABRAHAM, <br><br> Plaintiff, <br><br> v. <br><br> MERCEDES-BENZ USA LLC and MERCEDES-BENZ FINANCIAL SERVICES USA LLC, <br><br> Defendants. | Case No. 24-CV-2354-DDC-TJJ |

## ORDER REGARDING PLAINTIFF'S MOTION TO AMEND PLEADING

This matter is before the Court on Plaintiff's Motion to Amend Pleading (ECF No. 54) and Defendants' Joint Motion for a More Definite Statement (ECF No. 57) filed by Mercedes-Benz USA LLC ("MBUSA") and Mercedes-Benz Financial Services USA LLC ("MBFS"). Plaintiff thereafter filed his Supplement to Motion for Leave to Amend (ECF No. 58), and Defendants filed a Response to Plaintiff's Supplement (ECF No. 59). As explained below, Plaintiff's motion is granted in part and denied in part, and Defendants' motion is granted.

### I.   Background

On July 9, 2024, Plaintiff Gary Abraham, proceeding *pro se*, filed his seven-page Petition (ECF No. 1-1) against Defendants in the District Court of Johnson County Kansas. Defendants removed the case to federal court on August 13, 2024. Pretrial proceedings and discovery were stayed until the Court ruled on Defendants' motions to dismiss and Plaintiff's motion to remand. On February 11, 2025, the Court ruled on those motions (ECF No. 28), denying Plaintiff's motion for remand and Defendant MBUSA's motion to dismiss, while granting in part and denying in part Defendant MBFS's motion to dismiss. Specifically, Judge Crabtree granted the motion to dismiss

with regard to the Lemon Law claim brought against MBFS but denied the motion to dismiss the Lemon Law claims against MBUSA and denied the negligence claims brought against both Defendants.

On March 31, 2025, Plaintiff filed a motion to amend his complaint (ECF No. 45). At the April 17, 2025 telephone status conference, the Court denied the motion without prejudice based upon Plaintiff's failure to attach the proposed amended complaint, as required by D. Kan. Rule 15.1(a)(2).[1] The Court set an April 24, 2025 final deadline for Plaintiff to refile his motion requesting leave to file an amended complaint with the proposed amended complaint attached. The Court's order required Plaintiff's refiled motion to comply with the Court's rules.

Plaintiff timely filed his Motion to Amend Pleadings and attached a document he titled as his "Proposed Amended Complaint" (ECF No. 54-1). Defendants filed their Joint Motion for a More Definite Statement (ECF No. 57) requesting that Plaintiff be ordered to file a "clear and complete Amended Complaint with the causes of actions listed" so Defendants are able to file a responsive pleading. Defendants argue Plaintiff's proposed amended complaint is confusing, unclear, and does not comply with the Federal Rules of Civil Procedure or the Court's local rules, specifically D. Kan. Rules 15.1(a) and 7.1(a)(3).

Plaintiff filed a Supplement (ECF No. 58) to his motion to amend explaining his proposed amendments, but attaching the same proposed Amended Complaint. Defendants filed a Response (ECF No. 59) to the Supplement stating Plaintiff continues to miss the mark with his supplemental filings.

---

[1] *See* Status Conf. Order (ECF No. 52) at 1.

## II.   Plaintiff's Motion to Amend Pleading (ECF No. 54)

The Court has reviewed Plaintiff's Motion to Amend Pleading and attachment. The document Plaintiff attaches to his motion purporting to be his "Proposed Amended Complaint" is a single-spaced, three-page document that describes the amendments Plaintiff requests.[2] The document references various parts or paragraphs of his state court petition and then states information and allegations he would like to add or insert into (or delete from) the petition. However, Plaintiff does not incorporate or make the noted additions and deletions to his petition and attach the proposed amended complaint he seeks leave to file. Plaintiff therefore has not complied with D. Kan. Rule 15.1(a)(2) by attaching his proposed amended complaint.[3]

Given the dictate of Fed. R. Civ. P. 15(a) to "freely give leave" to amend a pleading when justice so requires and Plaintiff's *pro se* status,[4] the Court grants in part and denies in part Plaintiff's Motion to Amend Pleading. The Court grants Plaintiff leave to file an amended complaint without filing another motion, but denies Plaintiff's request to file the attachment (ECF No. 54-1) as his amended complaint. The Court also grants Defendants' Joint Motion for a More

---

[2] The Court finds this document would serve as a "concise statement of the amendment Plaintiff seeks," which is also a required part of his motion under D. Kan. Rule 15.1(a)(1).

[3] To the extent Plaintiff is seeking to amend his complaint by interlineation, the Court will not permit him to do so here. Amendment of the pleadings by interlineation is not expressly allowed by Fed. R. Civ. P. 15 or D. Kan. Rule 15.1, and generally "courts do not permit plaintiffs to amend their complaints by interlineation, and instead require amendment so that a pleading is complete by itself." *Poslof v. Martel*, No. 3:18-CV-00761-MMA-AGS, 2018 WL 3019916, at *3 (S.D. Cal. June 18, 2018). Allowing amendment by interlineation would make it difficult for Defendants and the Court to understand and determine the operative allegations.

[4] *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.").

Definite Statement (ECF No. 57) requesting Plaintiff be required to file a "clear and complete" proposed Amended Complaint.

Accordingly, Plaintiff is ordered to file his proposed Amended Complaint as required by the D. Kan. Rule 15.1(a)(2). This proposed Amended Complaint shall be in the form of one complete and comprehensive document that amends his prior state court Petition (ECF No. 1-1) to insert, in the applicable sections, all the language Plaintiff wishes to add and remove all language he wishes to delete. To address any questions or concerns Plaintiff or Defendants may have regarding the requirements of this Order, the Court will hold an in-person Hearing on **June 10, 2025 at 1:30 p.m. (central time)** in Courtroom 236 of the United States Courthouse, located at 500 State Avenue, Kansas City, Kansas. At this Hearing, the Court will set deadlines for Plaintiff to file his proposed Amended Complaint and for Defendants to file any objections.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Amend Pleading (ECF No. 54) is granted in part and denied in part.

**IT IS FURTHER ORDERED** that Defendants' Joint Motion for a More Definite Statement (ECF No. 57) requesting Plaintiff be required to file a "clear and complete" proposed Amended Complaint is granted.

**IT IS SO ORDERED.**

Dated May 30, 2025, at Kansas City, Kansas.

_Teresa J. James_
Teresa J. James
U. S. Magistrate Judge